**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:12-CV-00081**

**ELIZABETH THIES and**
**MATTHEW THIES**                                                                                             **PLAINTIFFS**

**v.**

**LIFE INSURANCE COMPANY**
**OF NORTH AMERICA**                                                                                          **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Defendant's motion to dismiss. (Def.'s Mot., Docket Number ("DN") 5.) The Plaintiffs have responded. (Pls.' Resp., DN 6.) The Defendant has replied. (Def.'s Reply, DN 9.) Having considered the matter and being fully advised, the Defendant's motion is **DENIED**.

**I.**

In *Thies v. Life Ins. Co. of N. Am.*, 804 F. Supp. 2d 560 (W.D. Ky. 2011), this Court held that the Defendant's denial of the Plaintiffs' claim for benefits was arbitrary and capricious. As a result, the Court remanded the benefits determination to the plan administrator for a full and fair review. *See id.* at 573-75. On remand, and after consideration of additional materials submitted by the Plaintiffs, the Defendant awarded benefits. (Def.'s Mot., DN 5-1, p. 2.) The Defendant freely admits, however, that it did not pay interest on those benefits. (*Id.*) The Plaintiffs filed this new action seeking interest and disgorgement of profits the Defendant earned while holding the delayed benefits. (*See* Compl., DN 1.) The Defendant has moved to dismiss on grounds that the Plaintiffs' claims are barred by *res judicata* or the applicable statute of limitations.

**II.**

The Defendant first argues that this action should be dismissed because the Plaintiffs'

claims are barred by *res judicata*. *Res judicata* is divided into two distinct categories: issue preclusion and claim preclusion. *See Sanders Confectionery Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). The Defendant argues that this action is barred by the latter category, claim preclusion. A second lawsuit will be barred by claim preclusion where four distinct elements are present: (1) "A final decision on the merits in the first action by a court of competent jurisdiction;" (2) "The second action involves the same parties, or their privies as the first;" (3) "The second action raises an issue actually litigated or which should have been litigated in the first action;" and (4) "An identity of the causes of action." *Id.* (citing *King v. S. Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524 (6th Cir. 1986); *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981)). A second action will only be barred by claim preclusion where all four elements are present.

The Plaintiffs' claims in this action are not barred by *res judicata* because the first and third elements of claim preclusion are not present.

### A.

The present action is not barred by claim preclusion because a final decision on the merits was not rendered by a court of competent jurisdiction in the first action. In the original case, this Court remanded the Plaintiffs' claims to the Defendant for a full and fair review. *See Thies*, 804 F. Supp. 2d at 573-75. A remand is not a final decision on the merits. *See Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 536-37 (6th Cir. 2004) ("[O]rder remanding a claim to a plan administrator for a determination of the merits of the claims does not constitute a final decision."). Because there was no final decision by a court of competent jurisdiction in the first action, this case is not barred by claim preclusion. This could end the inquiry, but it is also evident that the third element of claim preclusion is not present in this case.

**B.**

If the other elements of claim preclusion are present, a subsequent action will be barred if it raises an issue actually litigation or which should have been litigated in the first action. *Sanders Confectionary Prods.*, 973 F.2d at 480. The third element of claim preclusion is not present in this case because the issue of prejudgment interest and disgorgement of profits was not actually litigated in the first action and could not have been litigated there.

First, although the Defendant argues otherwise, the Court rendered no decision on the issue of prejudgment interest in the first action. Because the Court remanded the matter instead of directly awarding benefits to the Plaintiffs, it determined that an award of prejudgment interest on past due benefits was inappropriate at that time. *Thies*, 804 F. Supp. 2d. at 575. The Court did not reject the Plaintiffs' claim for prejudgment interest entirely. Rather, it declined to address the issue where no judgment had been entered. Accordingly, the issue of prejudgment interest was not actually litigated in the first action.

The Defendant also argues that the claim for interest is barred because, in the first action, the Court dismissed the Plaintiffs' claims for breach of fiduciary duty arising 29 U.S.C. § 1132(a)(3). This argument ignores the fact that multiple causes of action may be brought under the "catchall" provision of § 1132(a)(3). In the first action, the Plaintiffs sought recovery under § 1132(a)(3) because the "Defendant breached its fiduciary duty by failing to establish reasonable claims procedures and refusing to provide relevant claims guidelines to participants and beneficiaries." *Thies*, 804 F. Supp. 2d at 574. The Court dismissed the § 1132(a)(3) claims because "[a] participant cannot seek equitable relief for a breach of fiduciary duty under the catchall provision of [§ 1132(a)(3)] if the alleged violation are adequately remedied under other provisions of [§ 1132]." *Id.* (quoting *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 454

(6th Cir. 2003)). Here, the Plaintiffs are not alleging breach of fiduciary duty based on the Defendant's failure to establish reasonable claims procedures or its failure to provide relevant claims guidelines. Instead, they are seeking an equitable remedy based the Defendant's withholding of interest and profits earned on the delayed payment of benefits. The equitable remedy sought by the Plaintiffs under § 1132(a)(3) was clearly not litigated in the first action.

Second, the issue of prejudgment interest and disgorgement of profits is not one that should have been litigated in the first action. An issue raised in a second action is one that should have been litigated in the first action "[w]here the two causes of action arise from the 'same transaction, or series of transactions[.]'" *Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)). Here, the Plaintiffs claim for equitable relief under § 1132(a)(3) only arose after the Defendant declined to award prejudgment interest on the benefits awarded on remand. Section 1132(a)(3) has been held to be the proper section under which a plaintiff should seek an equitable award of interest when there has been a delay in the award of benefits and those benefits were not awarded as the result of a court-rendered judgment. *See Skretvedt v. E.I. Dupont De Nemours*, 372 F.3d 193, 196, 208-14 (3d Cir. 2004). The Plaintiffs' cause of action in this case only arose when the Defendant refused to award interest on the delayed award of benefits. Accordingly, the issue could not and should not have been litigated in the first action.

### III.

Perhaps recognizing that its arguments under claim preclusion are unavailing, the Defendant, in its reply brief, raises a new defense to this action. It asserts that by seeking interest and disgorgement of profits in this second action, the Plaintiffs are participating in "claim splitting." Claim splitting is the practice of instituting separate suits for causes of action that

4

arise out of the same underlying transaction.

> It is well established, under the doctrine of 'claim splitting,' that a party cannot avoid the effects of *res judicata* by splitting her causes of action into separate grounds for recovery and then raising the separate grounds in successive lawsuits. Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions.

*Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91 (S.D.N.Y. 2002). According to the Defendant, the Plaintiffs should have brought their claims for prejudgment interest and disgorgement in the first action and that by instituting this second action, they have improperly split claims that should have been brought in the first case. The Court disagrees.

The Plaintiffs' claims in the first case included a claim for prejudgment interest. As stated above, the Court did not rule upon that claim because it remanded the benefits claim to the Defendant for a full and fair review. Where the Court rendered no judgment, it could not award prejudgment interest. On remand, the Defendant awarded benefits to the Plaintiffs but declined to award interest on the delayed benefits. Only at this point did the Plaintiffs' cause of action for an equitable remedy under 29 U.S.C. § 1132(a)(3) accrue. As a result, the Plaintiffs have not split their claims because the second action did not arise out of the same transaction or series of transactions as the first case.

## VI.

Finally, the Defendant argues that the second action is barred by the applicable statute of limitations. In *Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees*, 547 F.3d 531, 537 (6th Cir. 2008), the court held that the five-year statute of limitations found in KRS § 413.120(2) applies to claims based on violation of ERISA's statutory protections. Here, the Defendant argues that the Plaintiffs' claims for prejudgment interest and disgorgement arose when the claim for policy benefits was procedurally exhausted in May 2007. Because this action

was not filed until June 2012, the Defendant claims that it is time-barred by KRS § 413.120(2). The Court cannot agree. The Plaintiffs are seeking an equitably remedy under 29 U.S.C. § 1132(a)(3). The cause of action arising under that section did not arise until 2011, when the Defendant paid benefits but declined to award any form of interest. Because the cause of action did not accrue until 2011, the Plaintiffs were well within the five-year statute of limitations when they filed this action. Accordingly, this action is not time-barred.

## CONCLUSION

The Defendant moved to dismiss the Plaintiffs claim for prejudgment interest and disgorgement of profits. For all of the foregoing reasons the Defendant's motion is **DENIED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

February 15, 2013